✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

FEDERAL ARAB MARITIME COMPANY

V.

INTERGATE AG

## SUMMONS IN A CIVIL ACTION

08 CV    5594

CASE NUMBER:

Judge Berman

TO: (Name and address of Defendant)

INTERGATE AG
Fischergasse 1, CH-6362
Stansstad, Switzerland

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
Tel (212) 385-1422

an answer to the complaint which is served on you with this summons, within _____twenty (20)_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUN 2 0 2008

CLERK

_Catherine Lapsley_

DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FEDERAL ARAB MARITIME COMPANY,

          Plaintiff,

      -against-

INTERGATE AG,

          Defendant.
-----------------------------------X

**VERIFIED COMPLAINT**

    PLEASE TAKE NOTICE that Plaintiff, FEDERAL ARAB MARITIME COMPANY, (Plaintiff or "FAMCO"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant, INTERGATE A.G. (Defendant or "INTERGATE"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country and the owner of the M/V AL SHAYMAA.

    3.    Defendant INTERGATE is a business entity organized and existing pursuant to the laws of a foreign country, with a principal place of business located at Fischergasse 1, CH-6362 Stansstad, Switzerland.

    4.    Plaintiff, as owner, and Defendant, as charterer, entered into a voyage charter agreement dated June 27, 2007 for

the use of the M/V AL SHAYMAA in the carriage of a cargo of steel coils from Alexandria to Moerdijk.

5.    Under the terms of the charter party, Defendant was responsible for the loading, stowage, and proper discharge of the cargo.

6.    Defendant directly and/or through the actions of Defendant's agents and servants breached the charter agreement by unlawfully and in contravention of the terms of the agreement, causing and permitting cargo to become unsecured, roll about the hold, and list the vessel heavily to starboard during discharge operations.

7.    As a result of Defendant's breaches as aforesaid, Plaintiff has sustained losses for damage to the vessel structure, salvage and associated costs, stevedores' damages, and demurrage and lost hire in an amount presently estimated at €2,860,000 (US$4,425,278), pending final salvage award.

8.    As a result of Defendant's breaches as aforesaid, to prevent the arrest of the M/V AL SHAYMAA, Plaintiff has also been constrained to provide security to cargo interests for their claims against Plaintiff in the amount of €2,161,250 (US$3,344,102), though the amount of their claimed cargo damage and contribution to salvage is presently estimated at €600,000 (US$928,380), and a new undertaking has since been provided for the €600,000 amount, accordingly.

9.    As a result of Defendant's breaches of the charter party as aforesaid, the Plaintiff has suffered extensive damage, for which Defendant is responsible at law.

10.  As a result of the foregoing, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the charter agreement between the parties and at law.

11.  As a result of the foregoing, Plaintiff was unable to carry out its course of business, and therefore incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the agreement between the parties and at law.

12.  Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

13.  Despite Plaintiff's demand, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement.

14.  Pursuant to the charter party fixture, disputes are to be settled by arbitration in London, and Plaintiff has commenced or will shortly commence arbitration with Defendant, accordingly.

15.  Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

16.  As a result of Defendant's breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $5,353,658.00 |
| Interest (for a period of 2 yrs at 7.5%) | 833,163.03 |
| Attorneys' and Expert's Fees, Arbitration Expenses | 200,000.00 |
| **Total** | **$6,386,821.03** |

17.  Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

18.  All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

19.  Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiff.

20.  For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of

the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any

garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$6,386,821.03** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D. That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, New York
          June 20, 2008

Respectfully submitted,

MAHONEY & KEANE, LLP
Attorneys for Plaintiff
FEDERAL ARAB MARITIME COMPANY

By:  _____
     Garth S. Wolfson (GW 7700)
     11 Hanover Square, Tenth Floor
     New York, New York 10005
     Tel. (212) 385-1422
     Fax. (212) 385-1605
     File No. 12/3588

## ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     :  SS.:
COUNTY OF NEW YORK   :

     1.   My name is GARTH S. WOLFSON.

     2.   I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

     3.   I am the attorney for Plaintiff, FEDERAL ARAB MARITIME COMPANY. and I am fully authorized to make this Verification on its behalf.

     4.   I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

     5.   The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

     6.   The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York
         June 20, 2008

                                        GARTH S. WOLFSON (GW 7700)